United States District Court
Southern District of Texas

**ENTERED**

March 18, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILDA FARIAS ALI, a/k/a | § | |
| HILDA LISABETH FARIAS, | § | |
| SPN # 01977077, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-26-1517 |
| | § | |
| ALEXA PRATT, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee confined in Harris County Jail, filed a *pro se* civil lawsuit against Alexa Pratt seeking $22 million in damages. She seeks leave to proceed *in forma pauperis*. (Docket Entry No. 2.) This lawsuit is one of fourteen civil lawsuits pending in this Court filed by plaintiff over the past few weeks challenging her arrest, detention, criminal charges, prosecutions, adverse family law proceedings, and actions of her former spouse.

Having considered the complaint, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I.  BACKGROUND AND CLAIMS

Plaintiff states that defendant Alexa Pratt is a Texas Department of Family and Protective Services ("DFPS") caseworker. She complains that Pratt investigated allegations between her and her ex-spouse regarding their minor son, then testified in favor of her ex-

spouse at a protective order hearing.[1]  Plaintiff asserts that because of Pratt's investigation and testimony, she lost custody of her minor son.

The Court's review of the docket in *Ali v. Ali*, Cause No. 2020-26613 in the 280th District Court of Harris County, Texas, shows that on February 10, 2023, the state district court held a hearing on plaintiff's ex-spouse's motion to modify a "no contact" protective order involving their minor son.  Following the hearing, the court modified the earlier 2020 protective order, vacated the "no contact" provisions, and entered an order to that effect on February 16, 2023.  Contrary to plaintiff's assertion, the order did not adjudicate custody of the minor son.  Plaintiff did not appeal the ruling.

Plaintiff here seeks $22 million against Pratt in her official and individual capacities. Plaintiff claims that Pratt, due to her investigation and testimony, caused her to lose custody of the minor son and is liable for "child endangerment, negligence, civil rights violations, failure to protect child, discrimination, mishandling case, violation of civil rights, inadequate treatment and service."  (Docket Entry No. 1, p. 2.)  Plaintiff pleads no factual allegations whatsoever supporting these conclusory claims.  As noted above, plaintiff did not lose custody of the minor son at the protective order hearing.

---

[1]Plaintiff also claims that Pratt intentionally scheduled her for a class that she knew plaintiff could not complete before the hearing.  This claim against Pratt is currently pending before the Court in *Ali v. Texas Department of Family and Protective Services*, C.A. No. H-26-1084 (S.D. Tex.) (filed February 10, 2026), and will not be addressed in the instant lawsuit.

## II. ANALYSIS

### A.    Official Capacity Claims

The United States Court of Appeals for the Fifth Circuit has held that Texas child protective services employees are state employees entitled to Eleventh Amendment immunity. *Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 Fed. App'x 309, 312 (5th Cir. 2020). Thus, plaintiff's claims against Pratt in her official capacity as an employee of the DFPS are **DISMISSED WITHOUT PREJUDICE** as barred by Eleventh Amendment immunity.

### B.    Individual Capacity Claims

Plaintiff claims that Pratt, due to her investigation and testimony, is liable for her loss of custody and for "child endangerment, negligence, civil rights violations, failure to protect child, discrimination, mishandling case, violation of civil rights, inadequate treatment and service." (Docket Entry No. 1, p. 2.) Plaintiff pleads no factual allegations supporting these conclusory claims, and the claims are subject to dismissal without prejudice for failure to state a viable claim for relief.

However, the Court will dismiss with prejudice plaintiff's claims against Pratt in her individual capacity arising from Pratt's investigation and testimony, as the claims are barred by the applicable two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. For § 1983 claims, accrual of a claim under the two-year statute of limitations "occurs when the plaintiff knows, or should have known, of the facts that form the basis of

3

the claim." *Griffin v. New Orleans City*, 628 F. App'x 300, 301 (5th Cir. 2016). Pratt's testimony made the basis of plaintiff's claims occurred on February 10, 2023, the date of the state court hearing. Any investigation of the case by Pratt would have taken place on or prior to that date. Consequently, plaintiff's claims against Pratt accrued on or before February 10, 2023, and expired two years thereafter. The instant lawsuit, filed by plaintiff on February 24, 2026, is untimely and is **DISMISSED WITH PREJUDICE** as barred by limitations.

### III.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff's claims against Alexa Pratt in her official capacity are **DISMISSED WITHOUT PREJUDICE** as barred by Eleventh Amendment immunity.

2. Plaintiff's claims against Alexa Pratt in her individual capacity are **DISMISSED WITH PREJUDICE** as barred by limitations.

3. The initial pretrial and scheduling conference set for May 14, 2026, is **CANCELLED**.

4. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED**.

5. This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 17ᵗʰ day of March, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4